NO. 07-05-0059-CR


 NO. 07-05-0064-CR

 NO. 07-05-0065-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 6, 2005


______________________________



MICHAEL EDWARD KILPATRICK, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 22ND JUDICIAL DISTRICT COURT OF HAYS COUNTY;



NOS. CR-03-711, CR-04-528, CR-04-570; HON. RON CARR, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ. 

 Michael Edward Kilpatrick appeals his convictions for attempted sexual performance
by a child, attempted aggravated sexual assault, and criminal solicitation of a minor. These
convictions resulted from his contact with a law enforcement officer posing as a 13-year-old
girl (i.e. "Carrie") on the internet and appellant's attempt to meet the girl to engage in a
sexual relationship. The three issues before us concern the propriety of the State's closing
argument. We affirm the judgments. 

Issue One - Comment on Fifth Amendment Privilege


 Through the first issue, appellant contends that during the State's closing argument,
it commented on the invocation of his right to remain silent following arrest. We overrule
the issue.

 The comment alluded to a video of appellant's interrogation wherein he waived his
right to remain silent. According to the prosecutor, appellant's reaction (i.e. standing silent
with bowed head) to the charges being levied were not indicative of someone who was
innocent. Yet, when the video was made, appellant not only had been informed of his right
to remain silent but waived it. Appellant having waived that right during the interrogation,
the prosecutorial comments about his demeanor during the interrogation and as captured
on the video violated no right to remain silent. Garcia v. State, 126 S.W.3d 921, 924 (Tex.
Crim. App. 2004) (stating that appellant's complaint about his right to remain silent "'during
the time his statement was made'" was "nonsensical" since he waived his post -arrest right
to silence when he agreed to make the statement).

 Furthermore, the comment was nothing more than a summation of testimony uttered
by appellant during trial. Through that testimony, appellant explained the reason for his
demeanor as captured in the video. Furthermore, no one objected to the admission of that
testimony. Being a summation of evidence actually admitted at trial without objection, the
comment was proper. See Wesbrook v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000)
(stating that the four permissible areas of jury argument are summation of the evidence,
reasonable deductions from the evidence, answer to argument of opposing counsel, and
proper pleas for law enforcement). 

Issues Two and Three - References to a Real Minor Girl


 In his second and third issues, appellant contends that the State should not have
been allowed to argue that 1) "[o]n August 16, 2003, but for the law enforcement agent, a
13 year old girl would have been sexually assaulted . . . [i]t is as easy as that" and 2)
appellant "scoured the internet, entered a 13 through 17 year old chat room and met this
girl for one reason." The former was improper since "[n]othing in the record even remotely
suggests that a thirteen year old girl would have been sexually assaulted . . . had appellant
not been arrested," according to appellant. The latter was allegedly improper because it
suggested that a "'real girl'" was involved, as opposed to a male undercover police officer. 
In other words, the prosecutor misstated the facts of record. We overrule the issues.

 As to the first utterance, the statement was used by the prosecutor to end her
description of the actions undertaken by appellant in preparing to have sex with someone
appellant believed to be a 13-year-old girl. And, when seen in context, it connotes that
given the evidence of appellant's belief, intent, or goal, and conduct in pursuit of that intent,
he would have engaged in sex with a 13-year-old female had the object of his intent been
such a girl rather than an undercover officer. See Chen v. State, 42 S.W.3d 926, 930 (Tex.
Crim. App. 2001) (stating that if the officer had been a 13-year-old girl, what the defendant
intended to accomplish would have been an actual crime). So viewed, the comment can
be interpreted as a reasonable deduction from the evidence, and a proper mode of
argument. Wesbrook v. State, supra. 

 Regarding the second utterance, the context of the statement is again of import. 
Through it, the prosecutor endeavored to explain how he met and what appellant intended
to do with someone he believed to be a 13-year-old girl. Furthermore, nothing was said
by the State of the "girl" being "real" as alleged by appellant. Indeed, the record is replete
with evidence illustrating that the "girl" to which the State referred was "Carrie," the fictitious
child played by the undercover officer. Given this, the statement also can be interpreted
as a summation or characterization of the evidence actually before the factfinder, and a
proper mode of argument. 

 Accordingly, the judgments of the trial court are affirmed. 


 Brian Quinn 

 Chief Justice

Do not publish.











#160;                                  Brian Quinn
                                                                          Chief Justice


Do not publish.